U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 3 1 2017

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROSEMARY MARQUEZ, § | |
| Plaintiff, § | |
| v. § | No. 3:16-CV-1367-D (BF) |
| NANCY A. BERRYHILL, Acting § | |
| Commissioner of Social Security, § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS & RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Rosemary Marquez ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). For the following reasons, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner. Therefore, Plaintiff's Motion for Summary Judgment [ECF No. 11] should be GRANTED, and the Commissioner's Cross-Motion for Summary Judgment [ECF No. 15] should be DENIED.

## BACKGROUND

Plaintiff alleges that she is disabled due to a variety of ailments, including fibromyalgia, diabetes, proteinuria, epilepsy, and osteoporosis. Tr. 79, ECF No. 7-4. After Plaintiff's application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on June 17, 2014 in Dallas, Texas before ALJ Peri Collins. Tr. 38, ECF No. 7-3. At the time of the hearing, Plaintiff was 35 years old. Tr. 79, ECF No. 7-4. Plaintiff attended high school through the 11th grade. Tr. 232, ECF No. 7-7. Plaintiff has past work experience as a sales attendant in a pawn shop. Tr. 219-20, ECF No. 7-7. Plaintiff has not

engaged in substantial gainful activity since November 1, 2012. Tr. 22, ECF No. 7-3.

On October 30, 2014, the ALJ issued a decision finding Plaintiff not disabled. Tr. 31, ECF No. 7-3. The ALJ determined that Plaintiff had the following severe impairments: seizures or seizure-like spells related to psychological conditions, diabetes mellitus and diabetic neuropathy, fibromyalgia, chronic pain syndrome, depression, and anxiety. Tr. 22, ECF No. 7-3. The ALJ determined that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 23, ECF No. 7-3.

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a), with the following limitations; (1) occasionally climb ramps and stairs; (2) cannot climb ladders, ropes or scaffolds; (3) cannot balance, crawl, or kneel; (4) occasionally crouch; (5) cannot perform work around hazards, including unprotected heights, open flames, or hazardous machinery; (6) cannot perform driving as a job duty; (7) understand, remember, and carry out simple, one to two step instructions; and (8) have no more than occasional contact with coworkers, supervisors, and the public. Tr. 25, ECF No. 7-3. The ALJ determined that Plaintiff was unable perform her past relevant work, but could perform the tasks of an addresser, a cutter/paster, and a call out operator. Tr. 29-31, ECF No. 7-3. Plaintiff appealed the ALJ's decision to the Appeals Council, and on October 30, 2014, the Appeals Council affirmed the ALJ's decision. Tr. 17, ECF No. 7-3. Plaintiff subsequently filed this action in the District Court on May 18, 2016. Compl., ECF No. 1.

## **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be

entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
(2) an individual who does not have a "severe impairment" will not be found to be disabled;
(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th

3

Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural

error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff argues that the ALJ committed reversible error by deriving a RFC without the support of a medical opinion and rejecting the opinions of Plaintiff's treating psychiatrist, which was the only evidence of record that discussed the effects of Plaintiff's depression and anxiety on her ability to work. Pl.'s Br. 10, ECF No. 12. Plaintiff argues that the Court should find that substantial evidence does not support the ALJ's finding that Plaintiff "retains the ability to understand, remember, and carry out simple one to two step instructions[,]" and that she "should have no more than occasional contact with coworkers, supervisors and the public[,]" because no doctor gave an opinion about the effects Plaintiff's mental impairments had on her ability to perform work-related functions. Pl.'s Br. 11, ECF No. 12. Therefore, Plaintiff argues that the ALJ's mental RFC finding represents the ALJ's own interpretation of raw medical evidence. Pl.'s Br. 11, ECF No. 12. Plaintiff argues that, while no other examining or reviewing physician gave an opinion as to the effects of Plaintiff's mental impairments on her ability to work, the ALJ gave little weight to Plaintiff's psychiatrist, Dr. Gregory Graves's assessment on the issue. Pl.'s Br. 12, ECF No. 12.

In her response, the Commissioner argues that the ALJ properly based her RFC assessment on the totality of the record, rather than Dr. Graves's check-box assessment which was completed for the purpose of litigating Plaintiff's disability claim. Def.'s Br. 5, ECF No. 15. The Commissioner argues that the ALJ was responsible for determining Plaintiff's RFC based on all the evidence and was not required to adopt Dr. Graves's opinion. Def.'s Br. 5, ECF No. 15. The Commissioner argues that it appears that the ALJ gave Plaintiff the benefit of the doubt by assessing any mental limitations at all, because the record contains evidence of intermittent mental treatment, all of which took place

after Plaintiff obtained an attorney for her disability claim. Def.'s Br. 5, ECF No. 15. The Commissioner argues that the timing of Plaintiff's allegations of mental limitations undermines Plaintiff's credibility and points out that prior to hiring counsel, Plaintiff told the agency that she quit her job for physical reasons and did not allege any mental impairments. Def.'s Br. 5, ECF No. 15. Furthermore, the Commissioner argues that Plaintiff's limited records from Metrocare show mild abnormalities, and that Plaintiff consistently demonstrated cooperative behavior, normal hygiene, normal speech, normal psychomotor, no psychosis, organized thoughts, fair to good judgment and insight, and good mood at her psychiatric examinations. Def.'s Br. 6, ECF No. 15 (citing Tr. 28, ECF No. 7-3; Tr. 453, 457, 459, & 475-77, ECF No. 7-10). The Commissioner argues that Plaintiff ignores this evidence and instead argues that the ALJ should have adopted Dr. Grave's check-box form. Def.'s Br. 6, ECF No. 15.

The Commissioner also argues that, while Plaintiff states that Dr. Graves is her treating psychiatrist, it is actually unclear from the record whether Dr. Graves ever examined Plaintiff, given that the only note in the record from Dr. Graves contains no objective findings and appears only to be a summary of Plaintiff's subjective complaints. Def.'s Br. 6, ECF No. 15 (citing Tr. 478, ECF No. 7-10). The Commissioner further states that Dr. Graves's name does not appear on any of the Metrocare treatment notes as an attending or billing clinician. Def.'s Br. 6, ECF No. 15 (citing Tr. 44-63, ECF No. 7-3; Tr. 478, ECF No. 7-10). The Commissioner also argues that even if Dr. Graves examined Plaintiff on one occasion, his note does not constitute a detailed and longitudinal picture of Plaintiff's impairment as necessary to consider him a treating physician under the regulations. Def.'s Br. 6-7, ECF No. 15 (citing 20 C.F.R. § 404.1527(c)(2)). With respect to Plaintiff's contention that Dr. Graves's opinion is the opinion of record assessing Plaintiff's mental impairments on her

ability to perform work functions, the Commissioner argues that two state agency physicians reviewed the record and found Plaintiff's mental impairments to be non-severe, which necessarily means that Plaintiff has no work-related mental functional limitations. Def.'s Br. 7, ECF No. 15 (citing Tr. 91-94 & 101-04, ECF No. 7-4). The Commissioner argues that although these state agency physicians' opinions were issued before Plaintiff decided to see Dr. Graves, the state agency physicians considered records from Parkland in March 2013 where Plaintiff denied having depression and displayed normal orientation. Def.'s Br. 7, ECF No. 15 (citing Tr. 90, ECF No. 7-4; Tr. 271, ECF No. 7-8).

In the reply, Plaintiff argues that the Commissioner did not dispute Plaintiff's contention that Plaintiff's treating physician, Dr. Graves was the only medical source who assessed the effects of Plaintiff's mental impairments on her ability to perform work-related activities. Reply 7, ECF No. 16. In addition, Plaintiff argues that the Commissioner did not direct the Court's attention to any physician's opinion stating that Plaintiff could perform the work activities set forth in the ALJ's RFC finding. Reply 7, ECF No. 16. Plaintiff points out that the state agency physicians gave no opinions on the effects of Plaintiff's mental impairments, because they opined that she had no *de minimus* limitations, which was rejected by the ALJ when she found that Plaintiff had severe mental impairments. Reply 5, ECF No. 16. Plaintiff argues that whatever limited evidence appeared in the record, it was sufficient for the ALJ to find that Plaintiff's depression and anxiety were severe impairments. Reply 9, ECF No. 16.

In *Ripley v. Chater*, the Fifth Circuit explained as follows:

> The ALJ is responsible for determining an applicant's residual functional capacity. After considering the evidence, however, we conclude that the ALJ's determination . . . was not supported by substantial evidence. The record includes a vast amount of

7

medical evidence establishing that Ripley has a problem with his back. What the record does not clearly establish is the effect Ripley's condition had on his ability to work.... The Commissioner argues that the medical evidence substantially supports the ALJ's conclusion. In making this argument, the Commissioner points to reports discussing the extent of Ripley's injuries. Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's conditions . . . on his ability to perform sedentary work.

*Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995). Furthermore, the Court in *Thornhill v. Colvin*, stated the following:

The problem with the ALJ's RFC determination is, as Plaintiff argues, that the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations. ...While the ALJ may choose to reject medical sources' opinions, he cannot then independently decide the effects of Plaintiff's mental impairments on her ability to perform work-related activities, as that is prohibited by *Ripley* . . . . Rather, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given her impairments.

*Thornhill v. Colvin*, 3:14-CV-335-M (BN), 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) (citing *Ripley*, 67 F.3d at 557-58; *Williams v. Astrue*, 355 F. App'x 828, 831-32 (5th Cir. 2009)); *see also Williams*, 355 F. App'x at 832 n.6 ("In *Ripley*, we held that an ALJ may not-without opinions from medical experts-derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions. Thus, an ALJ may not rely on his own unsupported opinion as to the limitations presented by the applicant's medical conditions."). Similarly, as Plaintiff points out, there is no other medical opinion addressing the effects of Plaintiff's depression and anxiety on her ability to work, even though the ALJ found that Plaintiff's depression and anxiety were severe impairments. Tr. 22, ECF No. 7-3.

With respect to the Commissioner's contention that it is questionable whether Dr. Graves

even examined Plaintiff, the check-box form the Commissioner refers to specifically states: "To determine this individual's ability to do work-related activities on a day-to-day basis in a regular work setting, please give us an assessment - BASED ON YOUR EXAMINATION(S) - of how the individual's mental capabilities are affected by the impairment(s)." Tr. 475, ECF No. 7-10; Def.'s Br. 6, ECF No. 15. In addition, the Metrocare Services Miscellaneous Consumer Documentation comments by Dr. Graves states that Dr. Graves "will have patient schedule an appointment within the next 2 weeks to assess her medications and need to adjust them based on the level of depression I am seeing today." Tr. 478, ECF No. 7-10. Therefore, it is apparent that Dr. Graves has examined Plaintiff. Moreover, while the Commissioner states that Dr. Graves's name does not appear on any of the Metrocare treatment notes as either the attending or billing clinician, the Metrocare Services Miscellaneous Consumer Documentation that the Commissioner referenced in her brief specifically states "Clinician: Gregory Graves" and "Billing: Gregory Graves." Def.'s Br. 6, ECF No. 15; Tr. 478, ECF No. 7-10. Furthermore, with respect to the Commissioner's comment regarding Dr. Graves's opinion being in check-box form, the District Court has in the past declined to reject such medical opinions. *See Gittens v. Astrue*, No. 3:04-CV-2363-L, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008) ("[T]he magistrate judge found that . . . the checklist was conclusory and other circuits have held that they are not entitled to controlling weight. . . . The court finds that . . . there is no binding authority requiring the court to reject a checklist as a medical opinion. While on remand, an ALJ may find that the checklist is inconsistent with other medical evidence, but that determination must be made by the ALJ, not the court.").

Upon consideration of the foregoing, the undersigned finds that the final decision of the Commissioner is not supported by substantial evidence, because the ALJ made her RFC assessment

without a medical opinion addressing the effects of Plaintiff's mental impairments on her ability to work. *See Ripley*, 67 F.3d at 557-58; *Thornhill*, 2015 WL 232844, at *10; *Williams*, 355 F. App'x at 832 n.6. Because the undersigned finds that the Commissioner decision should be reversed on this ground, the undersigned pretermits consideration of Plaintiff's remaining arguments as she can raise them before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## **RECOMMENDATION**

For the reasons stated above, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner. Therefore, Plaintiff's Motion for Summary Judgment [ECF No. 11] should be GRANTED, and the Commissioner's Cross-Motion for Summary Judgment [ECF No. 15] should be DENIED.

SO RECOMMENDED, this 31 day of August, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).